**FITAPELLI & SCHAFFER, LLP**
Dana M. Cimera
Brian S. Schaffer *[Pro Hac Vice Forthcoming]*
Arsenio D. Rodriguez *[Pro Hac Vice Forthcoming]*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY CURKO individually, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>G.A.J.S., INC. d/b/a RIVER PALM TERRACE and JOHN CAMPBELL, individually,<br><br>Defendants. | No:<br><br><br>CLASS ACTION COMPLAINT |

Plaintiff, Anthony Curko, (hereinafter, "Curko" or "Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, and misappropriated gratuities under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* (the "NJWL"), and New Jersey common law, for Plaintiff and his similarly situated co-workers – servers, bussers, runners, bartenders, and other similarly situated tipped employees (collectively "Tipped Employees") who work or have worked at the River Palm Terrace restaurant located at 1416 River Road, Edgewater, New Jersey 07020 ("RPT").

2.     RPT is owned, operated, and controlled by G.A.J.S., Inc. and John Campbell (collectively, "Defendants").  The RPT logo was trademarked by Defendant G.A.J.S., Inc. in 1998. RPT was voted one of "America's 50 Best Steakhouses" in 2016.[1]

3.     At all times relevant, Defendants have paid Plaintiff and similarly situated Tipped Employees at or below the applicable "tipped" minimum wage rate – less than the full minimum wage rate for non-tipped employees.

4.     However, Defendants have not satisfied the strict requirements under the FLSA or the NJWL that would allow them to apply a "tip credit" to Tipped Employees' wages.

5.     In that regard, Defendants misappropriated gratuities from Plaintiff and other Tipped Employees by requiring them to engage in a tip distribution scheme where tips were shared with employees in positions that are not entitled to tips under the FLSA and/or NJWL, including, but not limited to, salad makers.

6.     Individuals employed as salad makers are responsible for preparing salads and similar dishes for servers to deliver to their respective customers. Salad makers have virtually no customer interaction, do not take orders from customers, and do not serve and/or deliver orders to customers. In addition, salad makers primarily remain in the kitchen, away from customer view to perform their duties.

7.     As a result, salad makers at RPT are not entitled to share tips under the FLSA or NJWL.

8.     Additionally, Defendants failed to provide Tipped Employees with notification of the tipped minimum wage rate or tip credit provisions of the FLSA and/or the NJWL, or of their intent to apply a tip credit to Tipped Employees' wages.

---

[1] https://www.thedailymeal.com/america-s-best-steakhouses

9.      Plaintiff brings this action on behalf of himself and all similarly situated current and former Tipped Employees pursuant who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

10.     Plaintiff also brings this action on behalf of himself and all other similarly situated current and former Tipped Employees pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NJWL, 34:11-56a *et seq*. and New Jersey common law.

## THE PARTIES

### Plaintiff

**Anthony Curko**

11.     Plaintiff is an adult individual who is a resident of Fairview, New Jersey.

12.     Curko was employed by Defendants as a server at RPT from approximately March 27, 2016 through May 29, 2017.

13.     Curko is a covered employee within the meaning of the FLSA and the NJWL.

14.     A written consent form for Curko is being filed with this Complaint.

### Defendants

15.     Defendants have jointly employed Plaintiff and similarly situated employees at all times relevant.

16.     Each Defendant has substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

17.     During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and NJWL.

**G.A.J.S., Inc. d/b/a River Palm Terrace**

18.     G.A.J.S., Inc. is a domestic business corporation organized and existing under the laws of New Jersey.

19.     Upon information and belief, G.A.J.S., Inc.'s principal executive office is located at 1416 River Road, Edgewater, New Jersey 07020, the same address as RPT.

20.     G.A.J.S., Inc. identifies Defendant John Campbell as its Registered Agent.

21.     G.A.J.S., Inc. is a covered employer within the meaning of the FLSA and NJWL, and, at all times relevant, employed Plaintiff and similarly situated employees.

22.     At all relevant times, G.A.J.S., Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to:  hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

23.     G.A.J.S., Inc. applies the same employment policies, practices, and procedures to all Tipped Employees at RPT, including policies, practices, and procedures with respect to the payment of minimum wage, overtime, and gratuities.

24.     Upon information and belief, at all times relevant, G.A.J.S., Inc.'s annual gross volume of sales made or business done was at least $500,000.00.

**John Campbell**

25.     Upon information and belief, Defendant John Campbell ("Campbell") is a resident of the State of New Jersey.

26.     At all relevant times, Campbell has been an owner and operator of RPT.

27.     In that regard, Campbell is listed as the Registered Agent for G.A.J.S., Inc.

28.     Additionally, Campbell is listed as the Registrant and Administrator for the RPT website.[2]

29.     Moreover, Campbell lists himself as a "Partner" of RPT on his personal LinkedIn page.[3]

30.     At all relevant times, Campbell has had power over personnel decisions at RPT, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

31.     At all relevant times, Campbell has had power over payroll decisions at RPT, including the power to retain time and/or wage records.

32.     At all relevant times, Campbell has been actively involved in managing the day to day operations of RPT.

33.     At all relevant times, Campbell has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

34.     At all relevant times, Campbell has had the power to transfer the assets and/or liabilities of RPT.

35.     At all relevant times, Campbell has had the power to declare bankruptcy on behalf of RPT.

36.     At all relevant times, Campbell has had the power to enter into contracts on behalf of RPT.

37.     At all relevant times, Campbell has had the power to close, shut down, and/or sell RPT.

---

[2] www.riverpalm.com
[3] https://www.linkedin.com/in/john-campbell-2730b517

38.     Campbell is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

39.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

40.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

41.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendants operate business within the district, Defendants are residents of the State of New Jersey, and also because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of himself and all similarly situated persons who have worked as Tipped Employees at RPT in New Jersey who elect to opt-in to this action (the "FLSA Collective").

43.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective both minimum and overtime wages.

44.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wage rate for all hours worked up to 40 per workweek and premium overtime compensation for all hours worked beyond 40 per workweek.

45.    All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

46.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

>    (a)    willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours per workweek; and

### NEW JERSEY CLASS ACTION ALLEGATIONS

47.    Plaintiff brings the Third and Fourth Causes of Action, NJWL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

>    All persons who have worked as Tipped Employees at RPT in New Jersey between February 1, 2017 and the date of final judgment in this matter (the "NJWL Class").

48.    Plaintiff brings the Fifth and Sixth Causes of Action, New Jersey common law claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

>    All persons who have worked as Tipped Employees at RPT in New Jersey between February 1, 2013 and the date of the final judgment in this matter (the "NJ Common Law Class," together with the NJWL Class, the "NJ Classes").

49.    The members of the NJ Classes (the "NJ Class Members") are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

50.     There are more than fifty NJ Class Members.

51.     Plaintiff's claims are typical of those claims that could be alleged by any NJ Class Member, and the relief sought is typical of the relief which would be sought by each NJ Class Member in separate actions.

52.     Plaintiff and the NJ Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all NJ Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the NJ Class Members.

53.     Plaintiff is able to fairly and adequately protect the interests of the NJ Class Members and has no interests antagonistic to the NJ Class Members.

54.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

55.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

56.     Common questions of law and fact exist as to the NJWL Class that predominate over any questions only affecting Plaintiff and the members of the NJWL Class individually and

include, but are not limited to, the following:

      (a)    whether Defendants unlawfully failed to pay proper minimum wage compensation in violation of N.J.S.A. §§ 34:11-56a *et seq.*, and supporting New Jersey State Department of Labor and Workforce Development Regulations; and

      (b)    whether Defendants unlawfully failed to pay proper overtime compensation in violation of N.J.S.A. §§ 34:11-56a *et seq.*, and supporting New Jersey State Department of Labor and Workforce Development Regulations.

57.    Common questions of law and fact exist as to the NJ Common Law Class that predominate over any questions only affecting Plaintiff and the members of the NJ Common Law Class individually and include, but are not limited to, the following:

      (a)    whether Defendants were unjustly enriched by unlawfully requiring Plaintiff and members of the NJ Common Law Class to provide tip-ineligible employees at RPT with a portion of their lawfully earned gratuities; and

      (b)    whether Defendants wrongfully exercised control over Plaintiff's and members of the NJ Common Law Class's property, i.e. their lawfully earned gratuities, in violation of their rights over the property.

## PLAINTIFF'S FACTUAL ALLEGATIONS

58.    Consistent with their policies and practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Anthony Curko**

59.    During his employment, Curko generally worked the following scheduled hours, unless he missed time for vacation, sick days, and/or holidays: approximately 7 shifts per week, consisting of a combination of lunch and dinner shifts, and some double shifts.  Curko's hours at RPT ranged from 30 to 55 hours per workweek.

60.     Throughout his employment, Defendants applied a tip credit towards the minimum wage rate paid to Curko for work performed as a server. Defendants failed to notify Curko either verbally or in writing of the tip credit provisions of the FLSA or NJWL, or of their intent to apply a tip credit to his wages.

61.     Defendants unlawfully required Curko to share tips with employees not entitled to tips under the FLSA and/or the NJWL, including, but not limited to, salad makers.  In that regard, Curko was required to tip out approximately $5.00 per shift to salad makers.

62.     Salad makers' primary responsibility is to prepare salads for orders. Salad makers do not deliver salads to the tables. In fact, they are stationed in the kitchen, out of the view of customers.  Thus, they have little to no customer interaction.

63.     As a result of the above, Defendants did not satisfy the requirements under the FLSA and NJWL, by which they could apply a tip credit towards his minimum wages owed, and Defendants failed to compensate him at the proper minimum wage.

64.     Defendants suffered or permitted Curko to work over 40 hours per week as a server. During such workweeks Curko was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each week, and 1.5 the full statutory minimum wage rate for each hour over 40 worked in any given workweek.

65.     Defendants did not provide Curko with 1.5 the full statutory minimum wage rate for each hour worked over 40 in a given workweek.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage
### (Brought on behalf of Plaintiff and the FLSA Collective)

66.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67.    At all times relevant, Plaintiff and the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

68.    At all times relevant, Defendants have been required to pay directly to Plaintiff and the FLSA Collective the full minimum wage rate for all hours worked.

69.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants have failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA.

70.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants required Plaintiff and the FLSA Collective to distribute a portion of their tips to workers who do not "customarily and regularly" receive tips.

71.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

72.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

74.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

75.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damaged by being deprived overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq.*

**THIRD CAUSE OF ACTION**
**New Jersey Wage and Hour Law – Minimum Wage**
**(Brought on behalf of Plaintiff and the NJWL Class)**

76.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NJWL.

78.     At all times relevant, Plaintiff and the NJWL Class have been employees and Defendants have been employers within the meaning of the N.J.S.A. § 34:11-56a, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations.

79.     Defendants have failed to pay Plaintiff and the NJWL Class the minimum hourly wages to which they are entitled under the NJWL and the supporting New Jersey Department of Labor and Workforce Development Regulations.

80.     Defendants required Plaintiff and the NJWL Class to share gratuities with employees who are not eligible to receive tips under the NJWL and the supporting New Jersey Department of Labor and Workforce Development Regulations. As a result, Plaintiff and the NJWL Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate at all relevant times.

81.     Defendants failed to properly notify Plaintiff and the NJWL Class of the tip credit provisions of the NJWL or of their intent to apply a tip credit to their wages.

82.     Defendants were required to pay Plaintiff and the NJWL Class a minimum wage at:  1) a rate of $8.44 for all hours worked on or after January 1, 2017; 2) at a rate of $8.60 an hour for all hours worked on or after January 1, 2018; and 3) at a rate of $8.85 an hour for all hours worked on or after January 1, 2019 under N.J.S.A. § 34:11-56a, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations.

83.     By Defendants' knowing or intentional failure to pay Plaintiff and the NJWL Class minimum hourly wages, they have willfully violated N.J.S.A. § 34:11-56a, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations.

84.     Due to Defendants' violations of the NJWL, Plaintiff and the NJWL Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New Jersey Wage and Hour Law – Overtime Wage
### (Brought on behalf of Plaintiff and the NJWL Class)

85.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.     The overtime wage provisions of N.J.S.A. § 34:11-56a, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations apply to Defendants and protect Plaintiff and the NJWL Class.

87.     Defendants have failed to pay Plaintiff and the NJWL Class the overtime wages to which they are entitled under the N.J.S.A. § 34:11-56a, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

88.     By Defendants' knowing or intentional failure to pay Plaintiff and the NJWL Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated N.J.S.A. § 34:11-56a4, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations.

89.     Due to Defendants' violations of the NJWL, Plaintiff and the NJWL Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New Jersey Common Law – Unjust Enrichment
### (Brought on behalf of Plaintiff and the NJ Common Law Class)

90.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91.     Plaintiff and the NJ Common Law Class worked for Defendants under the promise and expectation that they would receive the tips they earned based on their customer interaction.

92.     Defendants accepted their services and received the benefit of Plaintiff and the NJ Common Law Class Members working at their places of employment.

93.     Defendants required Plaintiff and the NJ Common Law Class to distribute a portion of their tips to employees who do not customarily or regularly receive tips, including, but not limited to, salad workers.

94.     Allowing Defendants to use the tips misappropriated from Plaintiff and the NJ Common Law Class for their benefit, would be inequitable and in contrast to well-established common law principles.

95.     Accordingly, Plaintiff and the members of the NJ Common Law Class are entitled to recover from Defendants the amount of the gratuities earned that they were required to give the tip-ineligible employees, as may be determined at trial, actual damages, and such other relief as this Court shall deem just and proper.

**SIXTH CAUSE OF ACTION**
**New Jersey Common Law – Conversion**
**(Brought on behalf of Plaintiff and the NJ Common Law Class)**

96.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97.     Plaintiff and the NJ Common Law Class worked for Defendants under the promise and expectation that they would receive the tips they earned based on their customer interaction.

98.     Upon legally earning their tips, Plaintiff and the NJ Common Law Class had the right to possession of such property.

99.     Defendants wrongfully interfered with the Plaintiff's and NJ Common Law Class's rights to their legally earned tips by requiring them to give a portion of their tips to employees who do not customarily or regularly receive tips, including, but not limited to, salad workers.

100.    Allowing Defendants to interfere with the tips earned by Plaintiff and the NJ Common Law Class, would be inequitable and in contrast to well-established common law principles.

101.    Accordingly, Plaintiff and the members of the NJ Common Law Class are entitled to recover from Defendants the amount of the gratuities earned that they were required to give the tip-ineligible employees, as may be determined at trial, actual damages, and such other relief as this Court shall deem just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks for the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Tipped Employees who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at River Palm Terrace in Edgewater, New Jersey.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the NJ Classes and counsel of record as Class Counsel;

E.      Unpaid minimum wages, overtime wages, and an additional and equal amount as liquidated damages pursuant to N.J.S.A. § 34:11-56a, *et seq.*, and the supporting New Jersey Department of Labor and Workforce Development Regulations;

F.      The amount of tips Defendants required Plaintiff and the NJ Common Law Class to provide to tip-ineligible employees, actual damages, as may be allowed under the laws of New Jersey;

G.      Pre-judgment interest and post-judgment interest;

H.      Reasonable attorneys' fees and costs of the action; and

I.      Such other relief as this Court shall deem just and proper.


Dated: New York, New York
       February 1, 2019

                                   Respectfully submitted,

                                   Dana M. Cimera

                                   **FITAPELLI & SCHAFFER, LLP**
                                   Dana M. Cimera
                                   Brian S. Schaffer [*Pro Hac Vice* Forthcoming]
                                   Arsenio D. Rodriguez [*Pro Hac Vice* Forthcoming]
                                   28 Liberty Street, 30th Floor
                                   New York, New York 10005
                                   Telephone: (212) 300-0375

                                   *Attorneys for Plaintiff and
                                   the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against RIVER PALM TERRACE and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_____
Full Legal Name (Print)