<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY CURKO individually, on behalf of himself and all others similarly situated, | Civil Action No. 19-4426 (WJM) |
| **Plaintiff,** | |
| v. | <u>**OPINION**</u> |
| G.A.J.S., INC. d/b/a RIVER PALM TERRACE and JOHN CAMPBELL, individually, | |
| **Defendants.** | |

<u>**FALK, U.S.M.J.**</u>

This is a conditionally-certified collective action to recover minimum wages, overtime compensation, and alleged misappropriated gratuities under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* (the "NJWL").  Defendants' previously moved to strike Consent Forms filed by putative opt-in plaintiffs and to dismiss them from the action.  (CM/ECF No. 68.)  The Court conditionally denied the motion subject to submission by each of the opt-in plaintiffs of sworn statements supporting and explaining their reasons

for the late return of their Consent Forms.[1]  (CM/ECF Nos. 75, 76.)  Before the Court is Defendants' renewed motion to strike the Consent Forms.  (CM/ECF No. 83.)  The motion is opposed.  The Court decides it on the papers.  Fed. R. Civ. P. 78.  For the reasons discussed below, the motion is **denied**.

<u>**BACKGROUND**</u>

The Court primarily relies on the background facts contained in its March 23, 2021 Opinion on Defendants' motion to strike.  (CM/ECF No. 75.)

Plaintiff, Anthony Curko, filed a Complaint on behalf of himself and similarly situated co-workers ("Plaintiffs") of the River Palm Restaurant ("RPT" or "Defendants")[2] in Edgewater, New Jersey alleging claims under the under the FLSA and NJWL.  The parties stipulated to conditional certification of the collective action consisting of all current and former servers who worked at RPT at any time between August 18, 2014, and July 31, 2019 ("Stipulation").  (CM/ECF No. 24.)  The Stipulation provided a date by which the putative opt-in plaintiffs would have to return the FLSA Notice and executed Consent Form to join the action.  Consent Forms were filed on the Court's docket for the following five individuals ("opt-in plaintiffs") after the Stipulation deadline: James Christof ("Christof"), Mark DeVincenzo ("DeVincenzo"), and Mark Safarian ("Safarian"), Jorge Garcia Torres ("Torres"), and Daniel Tepale ("Tepale").

---

[1] Defendants moved to strike the Consent Forms of six putative opt-in plaintiffs. The Court conditionally denied Defendants' motion only as to five of the six, permitting plaintiff Andrew Richmond to join the case. Defendants do not challenge the Court's decision regarding Andrew Richmond.
[2] RPT is owned, operated, and controlled by Defendants G.A.J.S., Inc. and John Campbell (together referred to as "Defendants") (CM/ECF No.1, ¶ 2.)

Defendants moved to strike the Consent Forms of putative opt-in plaintiffs and dismiss them with prejudice from the action.[3]  Plaintiffs opposed the motion.[4]  The Court denied Defendants' motion conditioned upon the submission by each of the opt-in plaintiffs of sworn statements supporting and explaining their reasons for the late return of their Consent Forms.  The Court determined that based upon the information supplied in Plaintiffs' opposition brief, the opt-in plaintiffs had good cause for their delay and should be permitted to remain in the case.  Opining that there was "no indication that any of the opt-in plaintiffs acted with anything but good faith," the Court required only that the record be supplemented by sworn statements supporting the reasons advanced for the delay.

In compliance with the Court's Order denying the motion to strike, the opt-in Plaintiffs submitted affidavits explaining the reasons they failed to timely submit their Consent Forms.  Christof, DeVincenzo, Safarian, and Tepale all stated that they were current employees of RPT at the time they received letters inviting them to join the action and that they failed to do so out of fear of retaliation.  These opt-in plaintiffs further state that their fears were borne out by the alleged fact that they were not asked to return to

---

[3] Defendants contended that the putative opt-in plaintiffs are barred from participating in this case by the terms of the Stipulation and alternatively argued that the putative opt-ins should be dismissed from the case because they failed to demonstrate good cause to justify the late filing of their Consent Forms.

[4] Plaintiffs argued that Defendants waived any right to challenge the Consent Forms of Christof, DeVincenzo and Safarian because instead of moving to strike when they were filed in April 2020, Defendants served the individuals with discovery.  Plaintiffs also contended that the opt-in plaintiffs' delay in returning the Consent Forms was justified, explaining that they were all Defendants' employees during the notice period and feared that they would be subject to retaliation if they participated in the litigation.  Plaintiffs further asserted that Defendants would not suffer any material prejudice and that judicial economy would be served by allowing the opt-in plaintiffs to litigate their claims in this case rather than compelling them to commence an entirely new action.

work but others who did not become plaintiffs in this litigation were invited back.  Torres stated that he did not receive a letter but learned of the lawsuit while an employee and similarly chose not to join the case out of fear of retaliation.

Defendants renewed their motion to strike arguing that the affidavits contain conclusory and boilerplate statements that each opt-in plaintiff feared being fired from their job at RPT and/or retaliated against if they joined the lawsuit.  Defendants largely argue that the affidavits lack a proffered basis for their fear and point to alleged deficiencies in the sworn statements.  Defendants also dispute the contents of opt-in plaintiffs' affidavits, calling into question the veracity of some of the statements, and asserting facts regarding opt-in plaintiffs' actions which may have contributed to why they weren't rehired.

## DISCUSSION

Courts in this Circuit have analyzed untimely opt-in requests under the "excusable neglect" and "good cause" standards. *See Dasilva v. Esmor Correctional Servs., Inc.,* 2006 WL 197610, *2–3 (3d Cir. Jan. 27, 2006); *see also Boyington v. Percheron Field Servs., LLC*, No. 14-90, 2017 WL 1378328, at *3 (W.D. Pa. Apr. 12, 2017).  A generous reading of the FLSA is appropriate when considering issues of deadlines.  *See Kelley v. Alamo*, 964 F.2d 747, 749–50 (8th Cir.1992).  The determination of whether one party's failure to adhere to a deadline is excusable should take into account all relevant circumstances surrounding the delay. *See Pioneer Invest. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).  Relevant factors

4

courts consider include prejudice to the defendant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, whether the movant acted in good faith, judicial economy and the remedial purpose of the FLSA. *Id.* at 395; *see also Ruggles v. Wellpoint, Inc.,* 687 F.Supp.2d 30, 37 (N.D.N.Y.2009); *Boyington,* 2017 WL 1378328, at *3.

The Court balanced all the factors on Defendants' original motion to strike and determined that, if substantiated by sworn statements, the opt-in plaintiffs had good cause for their delay. Having considered the affidavits submitted by opt-in plaintiffs in compliance with this Court's Order, the Court is satisfied that they should remain in this case.

Opt-in plaintiffs submitted affidavits explaining that they were all employees of RPT during the notice period and feared retaliation by their employer had they chosen to join the litigation at that time. Fear of termination or other means of retaliation by RPT is a sufficient reason to justify delay of return of opt-in plaintiffs' Consent Forms. The Court is not persuaded by Defendants' contention that opt-in plaintiffs failed to proffer a basis to support their fear of retaliation, or that they did not specifically assert the concern that they would be "blackballed in the industry."

It is not unreasonable for an employee to believe that their employer would retaliate should they file a lawsuit against it. In fact, at least some of the opt-in plaintiffs claim that they suspect that they were subjected to retaliation as they were not rehired when RPT began to reopen, allegedly unlike others who had not commenced litigation

against the restaurant.  While the Court makes no determination regarding RPT's motives in declining to rehire them, opt-in plaintiffs point out that Christof and DeVincenzo were long time employees of the restaurant, having worked there for 32 years and 18 years, respectively, yet were not invited back, seemingly because they joined this lawsuit.

The Court will accept opt-in plaintiffs' explanation for the late return of their Consent Forms.  Notwithstanding Defendants' arguments calling into question the veracity of opt-in plaintiffs' sworn statements or the reasons RPT avers for not inviting them to return to their jobs, the Court will not engage in fact finding on this motion to strike.  Opt-in plaintiffs supplied sworn statements in compliance with this Court's Order. There is no indication that any of the opt-in plaintiffs acted with anything but good faith. Opt-in plaintiffs' hesitation to join the lawsuit on account of fear of retaliation is plausible under the circumstances.   The Court concludes that Opt-in plaintiffs' explanation for delay, viewed in conjunction with the factors of judicial economy and lack of prejudice previously considered by the Court in its prior Opinion, justifies permitting opt-in plaintiffs to remain as parties to this case.

## **CONCLUSION**

For the reasons stated above, Defendants' renewed motion to strike is **denied**.

                                       **s/Mark Falk**_____
                                       **MARK FALK**

**Dated:  July 26, 2021**                      **Chief United States Magistrate Judge**